■ TRUSTEES IN OFFICE NEW YORK SHIPPING ASSOCIATION-INTERNATIONAL LONGSHOREMEN'S ASSOCIATION (IND) WELFARE FUND et al., Respondents, v. S. T. GRAND, INC., et al., Defendants, and ALL-BORO GAS Co., INC., Appellant. (Action No. 1.) SALVATORE SPINNATO, Plaintiff, v. ALL-BORO GAS Co., INC., et al., Defendants. (Action No. 2.) — Judgment entered December 8, 1966, herein appealed from, affirmed, with one bill of $50 costs and disbursements to respondents as is the appeal from the order entered November 10, 1966, denying the motion to set aside the verdict and dismiss the complaint. The basic questions here are whether there was sufficient evidence to establish a prima

facie case of negligence against All-Boro and whether the verdict was against the weight of the credible evidence. Answers to the questions posed must be in the affirmative. The fire and explosion causing the damage complained of occurred December 31, 1960. From the record it appears that certain tanks, some of which were involved in the accident, were delivered to the laboratory of the New York Testing Company some time in February, 1961. Blum, an engineer retained by the defendant S. T. Grand, Inc., requested that certain tests be made on those tanks. The result of those tests, according to Harvey, an employee of such company, was that there was found to be a hard varnish-like material adhering to the seat of the valves. In his opinion, this material prevented the valve from seating properly, with resulting leakage of the propane gas. Smith, another expert, testified in answer to a hypothetical question that application of the sealant with a one-half inch brush would permit the material to creep under the seat of the valve, resulting in the formation of a varnish-like material. There was other proof from an employee of appellant that when a valve was removed from a tank it was the practice and custom before replacing the valve to apply sealant, which he described as a black and gooey substance like mud, to the valve stem with a one-half inch brush. Six cylinders of tanks had been delivered to the testing company, some of which were "completely destroyed" but three showed no sign of damage from the fire. Appellant All-Boro called one Norway, another expert, who gave a completely different version of the hard varnish-like material. He testified that all Rego valves had a nylon disc to seal any leaks in the valve. If exposed to heat these discs would melt and form a hard dark substance. This conflict in testimony presented a factual issue for the jury which was resolved in favor of the plaintiff. No good reason is established why this determination of fact should be disturbed. It would place an insuperable burden on plaintiff if plaintiff were required to prove that the cylinders when tested were in the same condition as when delivered to the job site on December 30, 1960. As pointed out, this accident happened on December 31, 1960. Six tanks of propane gas had been delivered to the job site on the afternoon of December 30, 1960. There was some testimony that the cause of the fire was the ignition of propane gas vapors. There was also testimony by an employee of S. T. Grand, Inc., that he smelled gas while he was working on the main floor prior to the explosion and fire. All-Boro complains that it had no opportunity to examine the tanks. As noted, the tanks were delivered to the laboratory in February, 1961. The present action was commenced in May, 1961, but it was not until April 14, 1966, one week before the trial commenced, that, as a result of an application by All-Boro, an order was entered directing that S. T. Grand, Inc., make the cylinders available to All-Boro for discovery and inspection. At that time certain tanks were not available. This unseemly delay on the part of the appellant All-Boro in seeking inspection should not operate to the prejudice of plaintiff. Plaintiff was in nowise responsible for the disappearance of the tanks nor did plaintiff commit any affirmative act which obstructed examination of such cylinders by the appellant. The jury had a reasonable and proper basis upon which to found its verdict. In our view such verdict was not against the weight of the credible evidence, and the judgment should be affirmed. It follows that the order denying the motion to set aside the verdict should also be affirmed. Only one bill of costs is allowed. Stevens, P. J., and Bastow, J., concur; McGivern, J., concurs in a concurring memorandum; Tilzer and McNally, JJ., dissent in a dissenting memorandum by Tilzer, J. McGivern, J. (concurring). In agreeing with the result reached by the majority, I would like to observe that the jury, under the sure hand of a most experienced Judge, Mr. Justice MATTHEW M. LEVY, was able to arrive at very discriminating verdicts, despite the confusing maze of mul-

tiple parties and cross claims. Noteworthy also is that no exceptions were taken by the defendant All-Boro to any of the crucial phases of the Judge's charge. And on the motion to set aside the verdict, the involvement concerning the order of April 14, 1966 was not mentioned. Although the trial was lengthy, at the end there remained simply questions of fact for the jury. There is more than substantial evidence to support the determination of the jury and it is not the function of any appellate court to substitute its resolution of the facts for that of the jury. The defendants, and particularly All-Boro, were given the fullest scope of examination relating to the alleged leaks of gas from tanks and the pertinent views of experts, all under the careful and astringent guidance of the Trial Judge. In my view, another trial of this case is unthinkable. The fire occurred in December of 1960. Memories of the events of nearly a decade ago would be increasingly untrustworthy — if all the witnesses are, or would be alive, at the time of another trial. The trial itself, occurring six and a half years after the event, consumed 36 actual trial days. Calendar-wise, it ran from April 21, 1966 to June 17, 1966, with the last motion disposed of on September 6, 1966, the final delay due to All-Boro's failure to submit further briefs. As evidence of the careful consideration given the questions by both the court and jury: the Judge's charge and the Requests to charge run 45 pages in the record, the charge took 5 hours to deliver, the jury was out 19 hours. A retrial would truly be a monumental work of supererogation. Tilzer, J. (dissenting). I am for reversal and a new trial on the ground that it was error for the court to allow proof as to the results of the valve tests conducted by New York Testing Laboratories a month and a half after the fire and explosion occurred and to receive the testimony of the experts based thereon. The motion of All-Boro to suppress the proof relative to the valve tests, tests requested by the nonappealing defendant held to be concurrently negligent, should have been granted. That All-Boro in the past might have delivered a defective tank to the premises, that it might not have tested tanks and that it might not have handled them properly, cannot lead to the conclusion that the tanks delivered on the afternoon of December 30, 1960 were defective and were one of the proximate causes of the fire. In fact, there is no proof in the record connecting the tanks forwarded to the Testing Laboratories with the tanks delivered on December 30. Moreover, the valves examined by the Testing Laboratories could have been damaged in any number of ways either before or at the time or after the time the fire and explosion occurred. The jury, of course, could not assume that there was no change in the condition of the valves from the time the tanks were delivered to the job site until the valves were tested by the Testing Laboratories since in the meantime the tanks were involved in a fire and explosion of such intensity that at least two of the tanks were "burst open." And, in any event, the motion of All-Boro to suppress should have been granted because of the failure to produce the tanks pursuant to the order for their discovery and inspection. Not only did the nonappealing defendant fail to produce the tanks, which disappeared from a garage of one of its subsidiaries after their return from the Testing Laboratories, but for some unexplained reason the Testing Laboratories when it had the tanks in its possession never tested the valve on one of these tanks although it was requested to test all six. Further, in my opinion, the verdict is against the weight of the credible evidence. The date of the occurrence of the fire, the date of the trial and the length of the trial, the length of the Judge's charge, and the time the jury had the case under consideration, are all immaterial as a matter of law. The only question is whether there is prejudicial error. We may not overlook prejudicial error as a matter of expediency.